LOUISA LEMIEN, Appellant, *v.* FREDERICKA LEMIEN, Respondent.

*Decision — it is necessary to the entry of a judgment upon the trial of an issue by the court.*

Where an issue of fact or of law is tried by the court, and no decision in writing is filed, as is required by section 1010 of the Code of Civil Procedure, a judgment rendered in the action, having no decision to support it, will be reversed on appeal, and the case will be sent back for a new trial.

APPEAL by the plaintiff, Louisa Lemien, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of March, 1896, upon the (alleged) decision of the court rendered after a trial at the New York Special Term dismissing her complaint upon the merits, and also from an order entered in said clerk's office on the 9th day of March, 1896, denying her motion for a new trial made upon the minutes.

*Dennis McMahon* and *Maurice Meyer*, for the appellant.

*W. J. Foster*, for the respondent.

O'BRIEN, J.:

The plaintiff sought to enjoin the defendant from interfering with her possession of a house and lot on Fleetwood avenue in the city of New York. These premises she alleged were in the possession of her husband under claim of title prior to his death; and under him she claimed by virtue of his last will and testament, in reliance upon which she had enjoyed with her family possession of the premises for over a year before the commencement of the action. The defendant also claimed title to the property and threatened to disturb plaintiff's possession; and it was to prevent and enjoin the enforcement of any such claim that this action was brought. The common source of title was Frederick Lemien, Sr., who died on December 10, 1892. Shortly before the latter date, in contemplation of his death, he directed a notary to prepare deeds of his entire property to his children, according to a memorandum made by himself, pursuant to which instructions eight deeds were drawn and then executed by himself and wife convey-

ing a portion of his entire property to each child. After the deeds were executed Frederick Lemien, Sr., handed seven of them to the notary to be recorded. The eighth deed was of the premises in controversy in form in fee to his son, Frederick, Jr., the husband of the plaintiff. This deed was handed to the wife of the grantor, who was told to take care of it.

The crucial question of fact in the case is, was that deed delivered to the wife in escrow or in trust for Frederick, Jr., and, as so left with the wife, was it in existence, undestroyed by the grantor, at the time of his death; or, as claimed by the defendant, was it obtained by Lemien, Sr., and destroyed two or three days after it was executed and before it was delivered? Both sides produced evidence in support of their respective contentions, and, at the end of the entire case, the trial judge dismissed the complaint, but upon what ground does not appear, for no opinion was delivered by him, nor have we any decision in the record.

The Code of Civil Procedure requires (§ 1010) that "upon a trial by the court of an issue of fact or of law its decision in writing must be filed. * * * If it is not so filed, either party may move at a Special Term for a new trial upon that ground." There being no decision upon which the judgment can be supported, the latter must be reversed and the case sent back for a new trial, with costs to appellant to abide event.

VAN BRUNT, P. J., WILLIAMS, INGRAHAM and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.